IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SUNDAY ADEBISI | § | |
| v. | § | CIVIL ACTION NO. 6:13cv886 |
| | | Crim. No. 6:12cr65-1 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Sunday Adebisi, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Adebisi pleaded guilty to a one-count information charging him with conspiracy to commit health care fraud. He received a sentence of 36 months in prison. He had previously been sentenced to 44 months in prison in the Southern District of Texas on other charges of conspiracy to commit health care fraud; the sentencing recommendation in the present case stated that the scheme in the Eastern District of Texas should have been considered when Adebisi was sentenced in the Southern District, but it was not, and so the Government had attempted to fashion a sentence which, when combined with the undischarged sentence Adebisi was presently serving, produced a sentence which Adebisi would likely have received had both cases been considered at once. The 36 month sentence Adebisi received in the Eastern District was consecutive to the sentence which he received in the Southern District.

In his §2255 motion to vacate sentence, Adebisi argues that he received ineffective assistance of counsel when his attorney, Brent Gimble, failed to argue for concurrent sentences, failed to argue for a shorter sentence as did his co-defendants' attorneys, failed to object to the pre-sentence report, and "railroaded him into accepting a plea." The Government filed an answer, to which Adebisi filed a response.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge determined that Adebisi failed to show any reasonable likelihood of concurrent sentences had counsel argued for them, given the fact that the Government was trying to fashion a sentence approximating that which he would have received in the Southern District had this conduct been taken into account, and that Adebisi failed to show any reasonable likelihood that he would have received a shorter sentence had counsel argued for one. Although Adebisi asserted that his co-defendants received shorter sentences than he did, he offered no evidence of this, nor did he show that they, like he, had cases in another district in which criminal conduct should have been considered but was not. The Magistrate Judge observed that had Adebisi rejected the plea offer and gone to trial, he would have faced a sentencing range of 310-327 months had he been convicted on all 16 counts of the indictment.

Next, the Magistrate Judge stated that although Adebisi asserted he gave counsel a list of objections to the pre-sentence report but counsel refused to raise them, he offered no evidence of this. Adebisi did not indicate what these objections were, much less show that had counsel raised these objections, the result of the proceeding would probably have been different.

The Magistrate Judge determined that Adebisi offered nothing to show that he was "railroaded" into accepting a plea. The sentence he received was 15-24 months shorter than the Guideline range as a result of his plea and he failed to show what other "options" Gimble should have told him about. Gimble's advice that he faced significantly more time if he did not accept the plea agreement was entirely accurate. The Magistrate Judge noted that at the change of plea proceeding, Adebisi testified that he understood what was going on, he had been able to

2

communicate with counsel, he understood the charges against him and the maximum sentence he faced, he was satisfied with his representation by Gimble, he understood the terms of the plea agreement, and there were no promises or threats made to him, outside of the plea agreement, to induce a plea of guilty. Adebisi specifically testified that "I'm pleading guilty because - your Honor, because I am myself guilty of the offense." The Magistrate Judge determined that Adebisi failed to show that this sworn testimony was untrue.

Finally, the Magistrate Judge observed that the plea agreement carried a waiver of appeal provision prohibiting Adebisi from raising any claims in a §2255 proceeding except for punishment in excess of the statutory maximum or a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself. The Magistrate Judge stated that the claim of being "railroaded" arguably fell into this exception, but the claims of counsel being ineffective because his co-defendants received shorter sentences and the failure to raise Adebisi's desired objections to the pre-sentence investigation report plainly did not, and thus were barred by the waiver of appeal.

Adebisi filed objections to the Magistrate Judge's Report on May 16, 2014. He states in his objections that he is relying on *United States v. Munoz*, 408 F.3d 222 (5th Cir. 2005), but that case was remanded because the Government breached the plea agreement by arguing at sentencing that the defendant's conduct amounted to a breach of trust. Adebisi fails to show that the Government breached its plea agreement with him; although he argues that the pre-sentence report was inconsistent with the plea agreement, he wholly fails to show any such inconsistency. He again complains that he gave written objections to the pre-sentence report to Gimble, who refused to make them, but offers only his own conclusory assertion in support of this claim, nor does he show that had Gimble raised these alleged objections, the result of the proceeding would probably have been different.

Adebisi states that the Southern District was supposed to merge the two cases together but did not, and this error had "some conceivable effects on the outcome of the case." He observes that the Magistrate Judge quoted the probation officer as saying that the Southern District should have

considered the offense conduct in the Eastern District but did not, and says that this was "a grievous error on the part of the Southern District." As explained in the Magistrate Judge's Report, the sentence fashioned by the Government in the present case was an attempt to rectify this error by producing approximately the same sentence which Adebisi would have received had the Southern District considered this conduct. That being the case, Adebisi has plainly failed to show any realistic likelihood that the Government would have accepted a concurrent sentence in the present case, because a concurrent sentence would not have produced the effect the Government was trying to obtain. This objection is without merit.

Adebisi next argues that he received ineffective assistance of counsel because his co-defendants received shorter sentences. He speculates that the Government would have agreed to an offer of 18 months had counsel made one, but offers nothing to support this allegation. This objection is without merit.

Third, Adebisi states that the pre-sentence investigation report contained "a lot of misrepresentations" to which he objected in writing. He again contends that the Government breached the plea agreement by "affirmatively advocating for an enhancement not included in the plea agreement stipulating to a guideline range," but there is no indication in the record or the transcript of the sentencing proceeding that the Government argued for an enhancement; on the contrary, the prosecutor stated at sentencing that because the Court indicated it would accept the plea agreement, the Government had nothing to add.

The Magistrate Judge correctly stated that mere conclusory allegations on a critical issue are insufficient to support §2255 relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992, *reh. den.*). Adebisi's contention that he gave objections to counsel and that counsel refused to make them is wholly conclusory and fails to set out a claim in any event because Adebisi also fails to show that had counsel made these objections, the result of the proceeding would probably have been different. This objection is without merit.

In his final objection, Adebisi states that he was railroaded into accepting a plea which was not in his best interest because the offer presented to him was "not at all advantageous," and counsel should have pursued a sentence running concurrently. Adebisi fails to show any reasonable likelihood that the Government would have accepted a concurrent sentence and does not explain how the plea offer, which was 15 to 24 months below the Guideline range and some 275 months lower than his possible exposure at trial, was not advantageous to him. The fact that this plea agreement did not contain everything he wanted does not mean that it was anything other than the best agreement which counsel could reasonably negotiate for him. Adebisi's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Movant Sunday Adebisi is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 27th day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE